UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FREBA MOHINISI,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

Case No. 1:23-cv-1056

Hon. Paul L. Maloney

**REPORT AND RECOMMENDATION**

    Plaintiff brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of Social Security (Commissioner) which denied her claims for disability insurance benefits (DIB) and supplement security income (SSI).

    Plaintiff filed applications for DIB and SSI on August 17, 2017, alleging a disability onset date of August 15, 2016. PageID.31, 476. Plaintiff identified her disabling conditions as back and neck pain, depression, and right arm pain. PageID.478. An administrative law judge (ALJ) entered a decision on February 19, 2019. PageID.179. However, the Appeals Council vacated the decision and remanded the case to the ALJ on April 20, 2020. PageID.179-181. On remand, an ALJ reviewed plaintiff's claim *de novo* and entered a written decision denying benefits on August 1, 2022. PageID.31-42. This decision, which was later approved by the Appeals Council, has become the final decision of the Commissioner and is now before the Court for review.

1

## I. LEGAL STANDARD

"The federal courts review the Commissioner's factual findings for substantial evidence and give fresh review to its legal interpretations." *Taskila v. Commissioner of Social Security*, 819 F.3d 902, 903 (6th Cir. 2016). This Court's review of the Commissioner's decision is typically focused on determining whether the Commissioner's findings are supported by substantial evidence. 42 U.S.C. § 405(g); *McKnight v. Sullivan*, 927 F.2d 241 (6th Cir. 1990). "[T]he threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019). "Substantial evidence, this Court has said, is more than a mere scintilla. It means — and means only — such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id*. (internal quotation marks and citations omitted).

A determination of substantiality of the evidence must be based upon the record taken as a whole. *Young v. Secretary of Health and Human Services*, 925 F.2d 146 (6th Cir. 1990). The scope of this review is limited to an examination of the record only. This Court does not review the evidence de novo, make credibility determinations, or weigh the evidence. *Brainard v. Secretary of Health & Human Services*, 889 F.2d 679, 681 (6th Cir. 1989). The fact that the record also contains evidence which would have supported a different conclusion does not undermine the Commissioner's decision so long as there is substantial support for that decision in the record. *Willbanks v. Secretary of Health & Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). "If the [Commissioner's] decision is supported by substantial evidence, it must be affirmed even if the reviewing court would decide the matter differently, and even if substantial evidence also supports the opposite conclusion." *Cutlip v. Secretary of Health and Human Services*, 25 F.3d 284, 286 (6th Cir. 1994).

A claimant must prove that he suffers from a disability in order to be entitled to benefits. A disability is established by showing that the claimant cannot engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. *See* 20 C.F.R. §§ 404.1505 and 416.905; *Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990). In applying the above standard, the Commissioner has developed a five-step analysis:

> The Social Security Act requires the Secretary to follow a "five-step sequential process" for claims of disability. First, plaintiff must demonstrate that she is not currently engaged in "substantial gainful activity" at the time she seeks disability benefits. Second, plaintiff must show that she suffers from a "severe impairment" in order to warrant a finding of disability. A "severe impairment" is one which "significantly limits . . . physical or mental ability to do basic work activities." Third, if plaintiff is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the impairment meets a listed impairment, plaintiff is presumed to be disabled regardless of age, education or work experience. Fourth, if the plaintiff's impairment does not prevent her from doing her past relevant work, plaintiff is not disabled. For the fifth and final step, even if the plaintiff's impairment does prevent her from doing her past relevant work, if other work exists in the national economy that plaintiff can perform, plaintiff is not disabled.

*Heston v. Commissioner of Social Security*, 245 F.3d 528, 534 (6th Cir. 2001) (citations omitted).

The claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work through step four. *Jones v. Commissioner of Social Security*, 336 F.3d 469, 474 (6th Cir. 2003). However, at step five of the inquiry, "the burden shifts to the Commissioner to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity (determined at step four) and vocational profile." *Id.* If it is determined that a claimant is or is not disabled at any point in the evaluation process, further review is not necessary. *Mullis v. Bowen*, 861 F.2d 991, 993 (6th Cir. 1988).

"The federal court's standard of review for SSI cases mirrors the standard applied in social security disability cases." *D'Angelo v. Commissioner of Social Security*, 475 F. Supp. 2d 716, 719 (W.D. Mich. 2007). "The proper inquiry in an application for SSI benefits is whether the plaintiff was disabled on or after her application date." *Casey v. Secretary of Health and Human Services*, 987 F.2d 1230, 1233 (6th Cir. 1993).

## II.  ALJ's DECISION

Plaintiff's claim failed at the fourth step of the evaluation. As discussed, plaintiff alleged a disability onset date of August 15, 2016. At the first step, the ALJ found that plaintiff engaged in substantial gainful activity in 2017 as a cleaner. PageID.34, 467. Nevertheless, the ALJ found that "there has been a continuous 12-month period(s) during which the claimant did not engage in substantial gainful activity" and made findings which "address the period(s) the claimant did not engage in substantial gainful activity." *Id*. The ALJ also found that plaintiff met the insured status requirements of the Social Security Act through December 31, 2022. PageID.33.

At the second step, the ALJ found that plaintiff has severe impairments of: degenerative disc disease of the cervical and lumbar spine with stenosis and radiculopathy; depressive disorder; and anxiety disorder. *Id*. At the third step, the ALJ found that plaintiff did not have an impairment or combination of impairments that met or equaled the requirements of the Listing of Impairments in 20 C.F.R. Pt. 404, Subpt. P, App. 1. *Id*.

The ALJ decided at the fourth step that:

After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except that the claimant can frequently rotate or flex her neck. The claimant can occasionally climb ramps and stairs; and occasionally stoop, kneel, crouch, and crawl. The claimant can never climb ladders, ropes, or scaffolds. The claimant has to avoid unprotected heights; dangerous moving machinery; vibration; and uneven terrain. The claimant is able to understand,

remember, and carryout simple, routine tasks with occasional, routine workplace changes. The claimant can have occasional interaction with the general public.

PageID.36. The ALJ also found that plaintiff is capable of performing her past relevant work as a day worker/cleaner (DOT # 301.687-014). PageID.41. This work does not require the performance of work-related activities precluded by plaintiff's residual functional capacity (RFC). *Id.* Accordingly, the ALJ determined that plaintiff has not been under a disability, as defined in the Social Security Act, from August 15, 2016 (the alleged onset date) through August 1, 2022 (the date of the decision). PageID.41-42.

### III. DISCUSSION

Plaintiff did not set forth a statement of errors as directed by the Court.[1] The Court will address the issues raised in plaintiff's four "arguments."

### A. The ALJ's decision of plaintiff's mental and [sic] limitations is not supported by substantial evidence.

For claims filed on or after March 27, 2017, the regulations provide that the Social Security Administration (SSA) "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s)." 20 C.F.R. §§ 404.1520c(a) and 416.920c(a). In these claims, the SSA "will articulate in our determination or decision how persuasive we find all of the medical opinions and all of the prior administrative medical findings in [the claimant's] record." 20 C.F.R. §§ 404.1520c(b) and 416.920c(b).

---

[1] The Court directed plaintiff to file an initial brief which "must contain a Statement of Errors, setting forth in a separately numbered section, each specific error of fact or law upon which Plaintiff seeks reversal or remand" and that the "[f]ailure to identify an issue in the Statement of Errors constitutes a waiver of that issue." *See* Notice (ECF No. 7). Here, plaintiff did not set out a statement of errors. Rather, plaintiff listed five "Issues" and four "Arguments". *See* Plaintiff's Brief (ECF No. 17, PageID.1135, 1145-1149).

In addressing medical opinions and prior administrative medical findings, the ALJ will consider the following factors: (1) supportability; (2) consistency; (3) relationship with the claimant; (4) specialization; and (5) other factors. *See* 20 C.F.R. §§ 404.1520c(c)(1)-(5) and 416.920c(c)(1)-(5). The most important factors which the ALJ considers in evaluating medical opinions are "supportability" and "consistency". *See* 20 C.F.R. §§ 404.1520c(b)(2) and 416.920c(b)(2). The regulations explain "supportability" as, "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be." 20 C.F.R. §§ 404.1520c(c)(1) and 416.920c(c)(1). The regulations explain "consistency" as, "[t]he more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be." 20 C.F.R. §§ 404.1520c(c)(2) and 416.920c(c)(2).

Here, plaintiff contends that,

> The decision states that both the mental and physical limitations from DDS are "somewhat persuasive and is somewhat consistent with and supported by the evidence." PageID.40. That is not a statement with an explanation. What is meant by "somewhat"? Furthermore the evidence upon which DDS relied has been supplemented by an additional five years of medical evidence, including additional diagnoses of fibromyalgia and chronic pain syndrome.

Plaintiff's Brief (ECF No. 17, PageID.1145) (emphasis omitted).

Plaintiff is referring to the ALJ's evaluation of the opinion evidence in determining her residual functional capacity which appears at PageID.40-41. This evaluation reads in full as follows:

> As for the opinion evidence regarding the claimant's physical limitations, the State agency consultant found that she could perform light work with postural and environmental limitations (Exhibits 1A, 2A). I find the opinion of the State

6

agency consultant to be somewhat persuasive, as it is somewhat consistent with and supported by the record. I note that I further restricted the claimant to occasional ramps and stairs and no exposure to uneven terrain instead of frequent. I also limited the claimant to no exposure to vibration, which would include no vibratory tools. In particular, the claimant is limited to the lifting of light work because of increased back and neck pain with heavier lifting (Exhibits 3E, 13F/7-9). The claimant has postural restrictions due to increased back and neck pain with certain activities, including bending (Exhibits 3E, 2F/5-8, 8F/51-56, Hearing Testimony). The claimant has hazard limitations because of any potential gait abnormalities related to her radiculopathy (Exhibits 8F/3-5, 11F/1-3, 13F/3-6, 21-25). Dr. Pabbathi indicated that the claimant should be able to sustain an earning and living for herself (Exhibit 15F/3). I will not consider the persuasiveness, as it is not considered to be an opinion pursuant to the Regulations.

As for the opinion evidence regarding the claimant's mental limitations, the State agency psychological consultant found that she could perform unskilled work (Exhibit 1A). I find the opinion of the State agency psychological consultant to be somewhat persuasive, as it is somewhat consistent with and supported by the record. Specifically, the claimant is limited to simple tasks because of memory issues related to her medication (Hearing Testimony). The claimant is also restricted to simple tasks due to difficulty concentrating related to her pain, anxiety, and depression (Exhibits 3E, 1F/36-38). The claimant is limited to occasional routine workplace changes because of increased anxiety with changes (Exhibit 3E). The claimant has social restrictions because of trouble around people due to anxiety and depression (Exhibit 3E, 5F/2-5, Hearing Testimony).

PageID.40-41.

Contrary to plaintiff's contention, the ALJ considered evidence of plaintiff's medical condition after the DDS consultants examined the medical records in 2017 (Exhs. 1A and 2A, PageID.129-154). The ALJ reviewed plaintiff's medical treatment from 2015 through 2022 (PageID.37-40) as well as her hearing testimony from July 12, 2022 (PageID.50-85). Based on this record, the ALJ adequately evaluated the opinion evidence. Accordingly, plaintiff's claim should be denied.

>    B.  **The decision that fibromyalgia and chronic pain syndrome were not severe is not supported by substantial evidence.**

Plaintiff submitted a two-sentence argument regarding this claim.[2] The Court is not required to scour the record for potential arguments on behalf of a party. *Browder v. Ankrom*, 473 Fed. Appx. 499, 500 (6th Cir. 2012). "[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in a most skeletal way, leaving the court to . . . put flesh on its bones." *McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997). Accordingly, plaintiff's claim should be denied.

>    C.  **The classification of the job at Peckham as past relevant work is not supported by substantial evidence.**

Plaintiff was employed at Peckham from 2003 through 2016. Plaintiff's job at Peckham did not require her to read. *See* Plaintiff's Brief at PageID.1137. Plaintiff testified that her job at Peckham required her to "[j]ust sit and sew." PageID.68. Contrary to plaintiff's contention, the ALJ did not consider this job to be past relevant work. Rather, the ALJ found that "The claimant is capable of performing past relevant work as a day worker/cleaner (DOT # 301.687-014)." PageID.41. The ALJ explained:

> The vocational expert reviewed the claimant's work history and determined that she has past work as stated above. This job was performed within 15 years of this adjudication and was performed at the applicable substantial gainful activity levels for the requisite period of time (Exhibit 11D). In response to the hypothetical that I posed incorporating the residual functional capacity outlined above, the vocational expert testified that the hypothetical individual would be able to perform the past relevant work mentioned above despite her limitations. This job was identified by the vocational expert as one that is typically performed at the unskilled (SVP 2), medium level, as per the Dictionary of Occupational Titles ("DOT") but that she performed it at the unskilled, light level. [FN 1]

---

[2] *See* Plaintiff's Brief at PageID.1146 ("There is medical evidence to support the diagnosis of fibromyalgia, according to the ACR 2016 criteria for fibromyalgia. There is no visible medical criteria for chronic pain syndrome; it is pain that lasts more than 3-6 months.").

> The vocational expert testified that her statements, with the exception of the level of interaction in positions, even terrain, and rotation of the neck, are consistent with the DOT. The vocational expert testified that her knowledge of jobs that allow for such limitations was based on her years of experience. Her testimony is accepted, as her sources of data are considered reliable. Her testimony accurately identifies the types and approximate number of jobs that the claimant could perform and is consistent with the information contained in the DOT, pursuant to SSR 00-4p.
>
> In comparing the claimant's residual functional capacity with the physical and mental demands of this work, I find that the claimant is able to perform it as actually performed.
>
> [FN 1]  I previously found that the claimant had past relevant work as a sewer, as she worked there from July 27, 2010, until October 12, 2016 (Exhibit 7E). I note that during the current hearing, the vocational expert testified that the work as a sewer appears to have been accommodated based upon further review (Hearing Testimony). Given the fact that it was accommodated, I do not find it to be past relevant work.

PageID.41.  In short, the ALJ did not consider plaintiff's sewing job at Peckham as past relevant work.  Accordingly, plaintiff's claim of error should be denied.

### D.     The ALJ failed in her affirmative duty to develop the record of plaintiff's illiteracy in any language.

Although plaintiff testified that she "went through the eighth grade", she also testified that "I don't know how to read and write in any kind of language." PageID.57.  Plaintiff contends that the ALJ erred by failing to address her "illiteracy", which is a consideration in determining the vocational factor of education. *See* 20 C.F.R. §§ 404.1564(b)(1) and 416.964(b)(1).  The vocational factors are considered at Step Five of the sequential evaluation. *See Broadway v. Colvin*, No. 1:13-CV-00793-SKO, 2014 WL 4249153 at *14 (E.D. Cal. Aug. 27, 2014) ("Literacy or education level is a vocational factor relevant only to the Step Five inquiry and not to the existence of a disability").

9

Here, it was unnecessary for the ALJ to address plaintiff's illiteracy because he found that plaintiff is able to perform her past relevant work and "not disabled" at step four. As the explained in the regulations,

> If we find that you have the residual functional capacity to do your past relevant work, we will determine that you can still do your past work and are not disabled. <u>We will not consider your vocational factors of age, education, and work experience</u> or whether your past relevant work exists in significant numbers in the national economy.

20 C.F.R. §§ 404.1560(b)(3) and 416.960(b)(3) (emphasis added). Accordingly, plaintiff's claim of error should be denied.

## IV. RECOMMENDATION

For all of these reasons, I respectfully recommend that the Commissioner's decision be **AFFIRMED**.

Dated: November 18, 2024            /s/ Ray Kent
                                    RAY KENT
                                    United States Magistrate Judge


ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).